DOUGLASS W. WILLIAMS, Respondent, *v.* SARAH TOWNSEND, Appellant.

The purchase at a tax sale does not operate to discharge the assessment, or to deprive the owner of his equity of redemption under the statute.

Where a mortgage provides that the mortgagor shall pay the taxes and assessments upon the mortgaged premises, and, in default of so doing, that the mortgagee may discharge the same, and collect them as a part of the mortgage, the failure of the mortgagor to pay the taxes is not such a breach of the condition of the mortgage as will give the mortgagee the right to foreclose and collect the whole amount secured.

Where the premises have been sold for non-payment of assessments, and the mortgagee has bid them in, and taken the certificate of sale, he has not thereby paid the taxes on said premises.

THIS was an action to enjoin the sale of mortgaged premises under a statutory foreclosure.

The plaintiff executed to the defendant's assignor, his bond and a mortgage of premises situated in Buffalo, dated the 8th day of February, 1853, to secure the payment of $2,640, in ten years from the date thereof with annual interest, which mortgage contained a further condition in these words: " and shall also pay all assessments, taxes and charges on the said premises to be charged on the same, and in case of default in paying the same, the said parties of the second part and their representatives, may discharge such assessments, taxes and charges, and collect the same with interest from the time of such payment under this mortgage, in the manner particularly specified in the condition of a certain bond or obligation bearing even date herewith, &c." The condition of the bond so far as it relates to the question in this case, was in these words: " and shall also pay all assessments, taxes and charges on the premises described in the mortgage bearing even date herewith and collateral hereto, and in case of any default in paying the same, the said" (obligees) " may discharge said assessments, taxes and charges, and collect the same with interest from the time of payment as part of this bond, and the said mortgage." The mortgage contained a power of sale, providing that if default should be made in the payment

of all or any part of the said principal sum of $2,640, " or of the assessments, taxes and charges as aforesaid, or of the interest thereof, at the time or times when the same ought to be paid," then and in such case the mortgagees were empowered to sell the premises at public vendue, &c. " And out of the moneys arising from such sale or sales, to keep and retain in their hands the said sum of two thousand six hundred and forty dollars, together with such assessments, taxes and charges as shall have been paid by them, together with all costs, charges and expenses, on account of such sale or sales."

In 1856 the city of Buffalo assessed upon the said mortgaged premises, taxes amounting to thirty-three dollars and sixty-six cents, for which the premises were sold at auction, by the comptroller of said city, on the 27th day of May, 1857, for taxes, interest and expenses, then amounting to $36.75. The premises were bid off by one M. E. Viele for the term of five hundred years, and certificates pursuant to the provisions of the charter of said city were issued to him by said comptroller, in his name.

Viele was, in fact, the agent of defendant, who was then the assignee of the mortgage, and bid off the said premises for her, taking the certificates in his own name, as he testified, " for convenience of transfer."

On the 1st of August, 1857, the defendant, by her attorneys, commenced a foreclosure under the statute by advertisement in one of the Buffalo papers, which advertisement properly described said mortgage, &c, and claimed to be due thereon " $2,640 and interest thereon from February 8, 1857; and also the sum of $36.75, with interest thereon from March 27, 1857." There was, in fact, no part of the principal of said mortgage or of interest thereon then due and unpaid. Before the day of sale mentioned in said advertisement, the plaintiff paid to the comptroller of the city of Buffalo the amount legally necessary to redeem the premises from such tax sale; and defendant refusing to discontinue the proceedings of foreclosure, the plaintiff commenced this action to restrain her from selling said premises.

The court at Special Term held as a question of law " that

the purchase by the defendant at the tax sale, and the taking and holding by her of the tax certificate did not discharge the assessment, taxes or charges for which said premises had been sold at such sale;" and that "the defendant was not entitled to enforce the repayment of the amount paid on such purchase as a part of the condition of said mortgage," and ordered judgment for the plaintiff.

The judgment was affirmed by the General Term of the 8th district.

*Learned, Wilson & Cook*, for the appellant.

*Le Grand Marvin*, for the respondent.

DAVIS, J. By the condition of the bond and mortgage the defendant undoubtedly had a right, after failure by the plaintiff to pay the taxes assessed on the mortgage premises, to pay and discharge the same, and thereupon to collect the amount so paid by suit upon the bond or by foreclosure of the mortgage. And the principal question in this case is, whether the purchase of the premises at the tax sales and the taking certificates of such purchase under the provisions of the charter of Buffalo, were a discharge of the assessments and taxes, within the true construction of the bond and mortgage.

By section 20 of title 5 of the charter of the city of Buffalo, as revised by the Laws of 1856, it is provided that the owner of any real estate sold for taxes may at any time before a declaration of sale is granted, as elsewhere provided by the charter, redeem the same by paying to the city treasurer, for the benefit of the holder of such certificate, the amount paid by him with the addition of fifteen per cent per annum on such amount.

The certificates are transferable; and it cannot always be easily ascertained who the holder is. Hence the statute has provided that the redemption may be made by payment to the city treasurer. In all cases of sales for taxes the owner of the land is clothed by law with this right of redemption; and the tax together with the expenses of the sale remain a lien on the pre-

mises assessed, with an addition thereto of fifteen per cent, until the redemption or payment to the treasurer is made. The effect of the sale is therefore merely an assignment of the lien of the tax and the expenses then incurred, enhanced by the additional per centage; and this lien continues till the owner of the land makes the redemption, or the holder of the certificate takes title to the property in the prescribed form. It is therefore clear that the tax or assessment is not discharged by the sale and certificate. In this case the purchase at the tax sale was made by M. E. Viele, and the certificates of the comptroller were made to him, as he says, "for convenience of transfer." He was in fact the agent of defendant, but there was nothing in the manner of sale or form of the certificate to indicate that fact. The legal rights of the parties are perhaps the same as though the certificate had been made to the defendant; but it would certainly be very embarrassing to titles of real estate if the owner's right of redemption were dependent upon some undisclosed relation of agency between the apparent purchaser and the incumbrancer of the land. There would be no safety for him if he were not allowed to redeem; because the ostensible purchaser could transfer the certificate to a *bona fide* holder and subject him to great embarrassment and perhaps to the loss of his land. A mortgagee, who desires to pay off taxes or assessments and charge them on the mortgaged premises, has a very plain course to pursue. At any stage of the proceedings he can step forward in his character of mortgagee and pay the assessment or redeem from a sale before the purchaser's title has actually ripened by a conveyance under the law. It is no hardship to require him to do this in a plain and distinct manner, so as not to embarrass the title of the mortgagor or owner. When, however, he purchases at a tax sale and takes a certificate as purchaser, that is an election on his part to occupy the relation of purchaser, with all the rights and incidents which the law attaches to it. He becomes then the owner of an undischarged lien, which the owner of the land may discharge in the manner provided by law.

But it is insisted that the purchase and taking of the certi-

ficate by a mortgagee, who has the right by the terms of his mortgage, or under the general statute, to pay off taxes and add the amount so paid to the lien of his mortgage, is by operation of law, *ipso facto*, an extinguishment and discharge of the tax. To support this proposition the familiar principle that a person who is placed in a situation of trust or confidence in reference to the subject of the sale, or has a duty to perform which is inconsistent with the character of a purchaser, cannot be a purchaser on his own account. (*Torry* v. *The Bank of Orleans*, 7 Paige, 649; *Van Epps* v. *Van Epps*, 9 Paige, 257; *Burhans* v. *Van Zandt*, 3 Seld., 523.)

But this principle has never been carried so far as to pre· vent a junior mortgagee from purchasing the subject matter of the mortgage at a sale under a prior lien; nor has it been held that a title fairly purchased at such sale was held for the benefit of the mortgagor. A mortgage is a mere security for a debt; and there is no such relation of trust or confidence between the maker and holder of a mortgage as prevents the latter from acquiring title to its subject matter, either under his own or any other valid lien. The defendant had no duty to perform to the plaintiff or toward the mortgaged premises that precluded her from buying at the tax sale. She was under no obligation to pay the taxes. The plaintiff had covenanted that she might do so at her option, and thereby acquire certain rights; but she had not undertaken to do it nor subjected herself to any burthen or obligation whatever in respect to the assessments or taxes. She might pay them or not, as she chose, or she might stand upon her general rights and purchase at the tax sale, as others could do, for the purposes of investment or protection. But if this were not so, all that the principle sought to be invoked would require is that as purchaser she should take a redeemable interest only which never could ripen as against the mortgagor into a greater one, and not that the lien she purchased should be discharged or extinguished, leaving her to no remedy except the possibly inadequate one under the covenants of the bond and mortgage. It is my opinion,

therefore, that the purchase at the tax sale did not operate to discharge the assessment and deprive the plaintiff of his right of redemption under the statute.

But it is urged that the failure of plaintiff to pay the tax was a breach of the condition of the mortgage, and gave defendant a right to foreclose and collect the whole amount secured. There is no clause of the mortgage making the whole sum due on failure to pay the interest, or on breach of any condition. The clause which authorizes the retention by the mortgagee of the whole amount secured after a sale of the premises, does not have the effect claimed for it; nor do I think it would countervail the provision of the statute which requires a sale in parcels, when that is practicable, and prohibits a sale of more than sufficient to pay the amount actually due with the expenses of sale. (3 R. S., 5th ed., p. 860, § 6.) But no right to foreclose would accrue upon a simple failure of the mortgagor to pay the taxes; to give that right it is essential that the holder of the mortgage shall have paid off and discharged the assessment or tax, otherwise no money has become due which the mortgagee is entitled to retain on a sale. The language of the mortgage settles this, for it provides that "*such assessments, taxes and charges as shall have been paid by them*" may be retained.

Besides, in my judgment, a mere naked breach of such a covenant in the condition of a mortgage, without the payment of any amount, would give no right to commence a foreclosure under the statute; but this it is not necessary to determine.

I think the judgment should be affirmed.

Judgment affirmed.