## SAFE DEPOSIT & TRUST CO. v. WICKHEM *et al.*

Two mortgages on the same property, to different persons, stipulated that
  the mortgagor should pay taxes, in default of which the same might be
  paid by the mortgagees, and thereupon become a part of the mortgage
  indebtedness. While these incumbrances were in force the property
  was sold for taxes, the purchaser thereafter receiving a tax deed from
  the county treasurer, who happened to be the junior mortgagee; and on
  the following day the latter, in his individual capacity, accepted from
  such purchaser a quitclaim deed of the premises, the arrangement for
  such transfer being made after the execution and delivery of the tax
  deed. *Held*, that the junior mortgagee, in the absence of any collusion
  between him and his grantor, acquired a good title, free from the lien
  of the senior mortgage.

(Opinion filed Nov. 20, 1896.)

Appeal from circuit court, Hanson county. Hon. D.
HANEY, Judge.

Action to foreclose a mortgage. A decree was rendered in
favor of defendant Wickhem, who alone appeared, and plaintiff
appeals. Affirmed.

The facts are fully stated in the opinion.

*Aikens, Bailey & Voorhees*, for appellant.

A person who sustains such a relation to the property that
he has a right to redeem it from a tax sale, and, if redeemed,
may require the mortgagor to refund to him the taxes paid,
cannot acquire title to the property to the detriment either of

the mortgagor or of any other incumbrancer or lien holder. Where each of two or more mortgagees has the same interest in making payment of the tax, and the same right to do so, and the same means of compelling repayment, a purchase by one cannot be suffered to cut off the right of the other because it is based as much upon his own default as upon that of a party whose lien he seeks to extinguish. It was respondent's duty, as second mortgagee, to pay the taxes before they became delinquent, or, at least, to redeem them from the tax sale, and had he performed his duty appellant's mortgage right would have been protected. Horton v. Ingersoll, 13 Mich. 409; Ins. Co. v. Bulte, 45 Id. 113; Fair v. Brown, 40 Ia. 209; Porter v. Lafferty, 33 Id. 254; Stears v. Hollenbeck, 38 Id. 550; Rice v. Nelson, 27 Id. 148; Bank v. Bacharach, 46 Conn. 513; Oliphaub v. Burnes, 146 N. Y. 218 (pp. 40, 41); Chaplin v. U. S., 29 Ct. Claims, 231.

*J. L. Hannett,* for respondent Wickhem.

If lands owned by tenants in common are sold as an entirety for unpaid taxes, and are bought by a stranger to the title, and held by him until his title has become fixed and mature, it is competent for one of the former tenants to buy the land from such third person after the ripening of title in him, without restoring the relation of co-tenancy or without being required to hold in trust for his former companions. Black on Tax Titles, 2d Ed., § 284; Lewis v. Robinson, 10 Watts 354, Kirkpatrick v. Mathoit, 4 Watts & S. 251; Reinboth v. Zerbe Run Co., 29 Pa. St. 139; Alexandria v. Sully, 50 Ia. 192. It cannot be contended that respondent owed a duty to the public to pay these taxes, because of his interest in the mortgaged premises; even an owner may purchase an outstanding tax title to his land. Ard v. Pratt, 36 Pac. 995; Sever v. Cobb, 98 Ill. 200.

FULLER, J. Plaintiff, the assignee of a senior mortgage upon the real property described in the complaint, brought this

action in foreclosure against the defendants named, and now prosecutes this appeal from a decree canceling said mortgage, and quieting title to the premises in the defendant Wickhem, who alone answered and defended in the action. The material facts are practically undisputed, and, in substance, as follows: On the 8th day of January, 1887, the defendant Crandall executed appellant's mortgage, to secure a loan of $750, evidenced by a promissory note of even date, due in five years; and on the 2d day of March, 1889, they mortgaged the same property to respondent Wickhem to secure the payment of $247, due in two years from that date. The Wickhem mortgage recited that it was taken subject to the mortgage in suit, and each of said instruments contained the usual stipulation on the part of the mortgagors to pay the taxes legally assessed against the property, in default of which the same might be paid by the mortgagees, and thereupon become a part of the mortgage indebtedness. During the life of these mortgages the property was legally sold for delinquent taxes, and regularly purchased at tax sale by the defendants Dillon & Preston, who upon the 9th day of October, 1889, received from respondent Wickhem, as county treasurer, a tax deed in the usual form; and upon the following day they duly conveyed said premises, by quitclaim deed, to respondent Wickhem, who relies wholly upon said instrument to defeat the lien of appellant's mortgage.

No question is raised as to the legality of any of the proceedings leading up to, and culminating in, a tax deed; and as the duty of the owner and the right of these mortgagees to pay the taxes had not been performed or exercised, and the time within which the premises could have been redeemed having expired, Dillon & Preston had a vested right to a treasurer's deed, the execution of which by respondent Wickhem, in his official capacity, might have been enforced by mandamus. 2 Blackw. Tax. Titles, 734. While the relation of respondent Wickhem to the property and to appellant should be considered with the fact that he was the officer who executed a tax

deed to Dillon & Preston, from whom he obtained title to the premises upon the following day, such circumstances are, in the absence of any collusion, insufficient to invalidate his deed, or justify the conclusion that the sale and transfer by Dillon & Preston to said Wickhem should be characterized as the mere payment of taxes inuring to the benefit of appellant, and wholly insufficient to divest the lien of his mortgage. Obviously, a junior mortgagee cannot, by purchase at a tax sale, acquire a title which shall defeat the lien of a senior imcumbrancer; but appellant and respondent had ceased to be incumbrancers, as to one another, and had become strangers, by neglecting to pay the taxes, and by permitting an absolute and fee-simple title to ripen and become fixed in Dillon & Preston before they sold and conveyed the premises, for a valuable consideration, to respondent. At the trial of the cause the defendant Wickhem was called as a witness, and testified explicity that he had no arrangment or understanding with Dillon & Preston with reference to the tax certificate or purchase of the land until after the tax deed had issued and was delivered; and, upon all the evidence, the court so found the facts to be. Upon conclusions of law accordingly entered, appellant's complaint was dismissed as to respondent, and his mortgage was adjudged not to be a lien upon the premises in dispute. True, the conveyance from Dillon & Preston to Wickhem, being so nearly simultaneous with the execution and delivery of the tax deed, the transaction merits critical examination, and, in the absence of evidence to the contrary, might be sufficient in itself to justify an inference that an arrangement to purchase the land had been made between Wickhem, the junior mortgagee, and Dillon & Preston, prior to the execution and delivery of the tax deed, and in that event Wickhem would acquire no title which would defeat the lien of appellants' senior mortgage. A reversal of this case would be equivalent to a holding that the sale of land for delinquent taxes by a county treasurer, who is individually a junior mortgagee whose lien has been lost, and

the execution of a tax deed thereto, in his official capacity, to the holder of the certificate, after his title has fully matured and become absolutely vested, is, in the absence of any collusion, sufficient in law to incapacitate such treasurer and junior mortgagee from ever acquiring, as against a senior mortgagee, title thereto by deed from a stranger. In our opinion, the law and facts fully justify the judgment appealed from, and the same is therefore affirmed.

HANEY, J., taking no part in the decision.