[Civil No. 196. Filed August 18, 1887.]

[S. C. 14 Pac. 799.]

## J. W. HOOPER, Plaintiff and Respondent, v. J. W. STUMP et al., Defendants and Appellants.

1. MORTGAGES—FORECLOSURE—DEFAULT IN PAYMENT OF INTEREST—COMP. LAWS ARIZ. p. 448, par. 2686, CITED.—Where a mortgage, on failure to pay the principal or interest, gives power to sell the premises and retain the principal and interest, on default in the payment of interest the mortgage may be foreclosed and the principal and interest recovered though the principal be not yet due. Statute cited, *supra.*

APPEAL from a Judgment of the County Court in and for the County of Cochise. Affirmed.

The facts are stated in the opinion.

Thomas Mitchell, for Appellants.

The only question is: Did the whole debt—principal and

interest—become due upon default in the payment of interest? The answer depends upon the contract between the parties. If they made such a contract the court must enforce it, but it is conceived that no court should go out of its way to discover such a contract by implication from doubtful words, but should require the intention of the parties to appear by plain language. The trial judge found such a contract in the language of the present mortgage, against his expressed views, upon the authority of *Bricknell* v. *Batchelder,* 62 Cal. 623. This case was decided by a divided court, by a majority of one, and is opposed by the case of *Williams* v. *Townsend,* 31 N. Y. 411. The latter case is the better on principle. We call attention to the terms of the note, which, being the principal thing, containing the obligation of the parties, and the mortgage a mere security to insure the performance of that obligation, ought to control. *R. R. Co.* v. *Sprague,* 103 U. S. 756. Conceding this point the judgment of the court is manifestly erroneous. Had the court found that only one year's interest was due, and directed a sale in the first place to pay that amount, with percentage and costs thereon, we could have stayed the sale by tendering this amount; or, if a sale had to be made, it would have been found that a portion of the mortgaged premises would have been sufficient to pay the amount. *Holden* v. *Gilbert,* 7 Paige (N. Y.) 208. The decree has deprived the defendants of both benefits.

Goodrich & Smith, for Respondent.

Sec. 250, Chap. 48, Com. Laws, has no application to this class of cases. It refers only to those cases where the debt is not all due. Here the contract provides that if the semi-annual interest is not paid as it becomes due, then the principal of the note becomes presently due. This is the contract that the parties have made. They must abide by it. Citation of authorities on such a point would be idle. There is no conflict upon such a question. We submit the question with a mere statement of the proposition.

PORTER, J. This is an action on a note, and to foreclose

a mortgage, upon non-payment of the interest on the note before the principal sum was due, the terms of which note and the mortgage in part are as follows:

"This conveyance is intended as a mortgage to secure payment of a certain promissory note of even date herewith, in words and figures as follows, to-wit: '$3,387.20.'

JULY 1, 1885.

" 'On or before two years after date we promise to pay J. W. Hooper or order at Los Angeles, California, three thousand three hundred eighty-seven twenty one-hundredths dollars, gold coin of the United States, for value received, with interest at the rate of one per cent. per month, payable semi-annually in like gold coin.          J. W. STUMP.

"E. W. STUMP.'

"And these presents shall be void if such payments be made according to the tenor and effect hereof; but, in case default be made in the payment of the principal or the interest as provided, then the said party of the second part, his executors, administrators, and assigns, is hereby empowered to sell the said premises, and all and every of the appurtenances, or any part thereof, in the manner prescribed by law; and, out of the moneys arising from such sale, to retain the said principle and interest, together with the costs and charges of making such sale, and ten per cent. for attorney's fees; and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said party of the first part, his heirs or assigns."

The language is plain and can mean nothing else than, on failure to pay the *principal* or *interest,* power is given to sell the premises and *retain* such *principal* and *interest.*. If it were only to cover interest in default of payment of interest, why say to *retain* the *principal?* Such is the contract, and by it the parties must stand. We see no need of referring to authorities. In Jones on Mortgages, § 1177, it is said: "Default in the payment of the yearly or half-yearly interest at the times stipulated in the mortgage is held by high authority to give the right to foreclose immediately, although the period for payment of the principal sum has not arrived, and there is no provision specifically making a forfeiture of

the principal upon a default in the payment of the interest."
In the same section reference is made to *Gladwyn* v. *Hitch-
man,* 2 Vern. 135, which says: "In this case a mortgage was
made for £450, payable at the end of five years, with interest
at the rate of 5 per cent. in the mean time. The interest not
being paid as stipulated, the mortgage was treated as for-
feited."

The right became absolute by non-payment of the interest,
the condition not being fulfilled. *Dictum* of Lord Chancel-
lor Sugden, Jones Mortg. § 1178.

The right to foreclose on non-payment of the interest was
fully considered in *Brickell* v. *Batchelder,* 62 Cal. 623, and is
conclusive of this case. Section 728 Code Civil Proc. Cal.,
is the same as section 2686 of our Complied Laws, and was
the law of that state when *Brickell* v. *Batchelder* was de-
cided. There may be notes payable at different dates, and
no provision made for foreclosing all upon the others not
being paid, and so the sections invoked (page 448, Comp.
Laws) provide for sales for paying the amounts due. This
is not the case before us, for, as said, the principal and
interest shall be retained from proceeds of the sale.

Counsel for appellants rely on *Williams* v. *Townsend,* 31
N. Y. 411. There a provision was made for the payment of
taxes by the mortgagor, but a purchase at tax sale was made
for the mortgagee. The mortgagee commenced a foreclosure
under the statute, by advertisement in one of the Buffalo
papers. There was no part of the principal or of the interest
due and unpaid, and before the day of sale mentioned in the
advertisement the mortgagee paid to the proper officer the
amount necessary for the redemption of the premises. The
court says: "But no right to foreclosure would accrue upon
a simple failure of the mortgagor to pay the taxes. To give
that right it is essential that the holder of the mortgage shall
have paid off and discharged the assessment or tax; other-
wise no money has become due which the mortgagee is en-
titled to retain on a sale. The language of the mortgage set-
tles this; for it provides that 'such *assessments, taxes* and
*charges as shall have been paid by them' may be retained.*"
It seems that if the mortgagor had paid the taxes, which
was at his own option, according to the mortgage, he could

have foreclosed; but, as purchaser at the tax sale, the court says: "When, however, he purchases at a tax sale, and takes a certificate as purchaser, that is an election on his part to occupy the relation of purchaser with all the rights and incidents which the law attaches to it. He becomes then the owner of an undischarged lien, which the owner of the land may discharge in the manner provided by law."

The case of *Railway Co.* v. *Sprague,* 103 U. S. 756, cited by counsel, does not contravene *Brickell* v. *Batchelder.* The mortgage in the former case provided that, upon non-payment of interest for six months, the principal of the bonds should become due, whether *demanded* or *not.* The bonds declared, in case of non-payment of interest which had become due and *had been demanded,* if such default should continue six months after demand, the principal should become due. The court holds that the bonds being the principal obligation of the company, and the mortgage a mere security to insure its performance, the terms of the bonds should prevail. In the case at bar there is no conflict. The not says, when interest shall be due. The mortgage says, in addition, if interest be not paid when due, it shall be collected, and also the principal on such failure to pay the interest. The judgment is affirmed.