WHEELWRIGHT v. ST. LOUIS, N. O. & O. CANAL TRANSP. CO.

(Circuit Court, E. D. Louisiana. May 25, 1893.)

No. 12,034.

1. MORTGAGES—CORPORATIONS—POWER OF DIRECTORS.
    In a suit to foreclose a mortgage given by a New Jersey corporation upon property owned by it in Louisiana, it is no defense that at the time of executing the mortgage some of the directors were not residents of New Jersey.

2. SAME.
    The mortgage is not invalidated by the fact that the directors went into New Jersey, and remained there only a brief period, to hold the meeting at which was passed the resolution authorizing the mortgage.

**3. SAME—FORECLOSURE—TRUSTEE—BONDHOLDERS.**

A trust deed given to secure an issue of corporation bonds, after conferring on the trustee a right to enter and hold possession, to sell, etc., declared that those remedies were merely cumulative, and additional to all other remedies allowed by law, and that the same should not be deemed to deprive the trustee "or the beneficiaries under this trust" of any legal or equitable remedy. Upon a default for six months in the payment of interest the whole series of bonds was to become due. The mortgagor was a New Jersey corporation, and the mortgaged property was in Louisiana. *Held,* that where the position of trustee was vacant, an owner of a majority of the bonds could, on the requisite default in interest, maintain a suit in a federal court for Louisiana in his own name to foreclose the mortgage for himself and the other bondholders, and the court would not compel him to go to New Jersey to have another trustee appointed.

**4. PLEDGE—FORECLOSURE—VALIDITY OF SALE.**

The fact that bonds of a corporation, which were legally pledged, by authority of the directors, for the purpose of carrying on construction work, were, on foreclosure of the pledge, sold for a small amount, does not affect the purchaser's title when no fraud is shown.

In Equity. Bill by William D. Wheelwright against the St. Louis, New Orleans & Ocean Canal Transportation Company to foreclose a mortgage given to secure an issue of bonds. A demurrer for want of jurisdiction, and a plea to the jurisdiction, were heretofore overruled. 50 Fed. Rep. 709. Decree for complainant.

Farrar, Jonas & Kruttschnitt, for complainant.
Gurley & Mellen, for defendant.

BILLINGS, District Judge. This cause is submitted on the bill, answer, depositions, and exhibits for final decree. It is a bill to foreclose a mortgage.

The defendant corporation was incorporated under the laws of the state of New Jersey, and was there domiciled. The charter of the corporation gives full power to execute the mortgage.

It is urged—First. That some of the directors did not reside in the state of New Jersey. Whatever force there might have been in this objection in case the state had brought a quo warranto against the corporation, there is no force in it in this proceeding. The board was elected by stockholders in the manner pointed out by the charter, and as against a creditor the directors are clearly competent. Second. It is urged, in the second place, that the directors went into New Jersey, and remained there only a brief period, to hold the meeting at which the resolution authorizing the mortgage was passed. This does not affect the validity of the resolution. My conclusion, therefore, is that the mortgage is a valid mortgage. The pledge to the Third National Bank of New York was authorized by a vote of the directors, and was made to the contractor, who was engaged in the work of perfecting the canal, and it seems to me was a valid pledge.

As to the foreclosure of the pledge, it seems to have been foreclosed in a manner strictly legal. The fact that at the sale under the foreclosure the bonds brought but little, there being no fraud shown, cannot impeach complainant's title. I think, therefore,

his title to the 265 bonds which he bought at this sale was complete.

It is urged by the defendant in the brief of its solicitor that the deed of trust constitutes a contract between the corporation and the holders of its bonds.    Undoubtedly it does.    The case of Railroad Co. v. Orr, 18 Wall. 471, is a case where each bondholder was by name mentioned in the mortgage, and of course, the suit to foreclose not having been brought in the name of all, was fatally defective.    In the case of Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. Rep. 10, the suit was authorized by only a minority of the bondholders.    In this case the complainant holds 265 of the 500 bonds, and therefore holds a majority of the bonds secured by the mortgage.    There is no trustee.    The mortgage, in the first place, gives the right of entry and possession to the trustee.    In the second place, it gives him the right to enter and sell, and gives him the right to proceed to enforce the rights of the bondholders by a suit in equity, either for a specific performance or in aid of the powers herein granted, or otherwise.    It then provides:

"It being understood, and it is hereby expressly declared, that the right of entry and sale hereinbefore granted are intended as cumulative remedies additional to all other remedies allowed by law, and that the same shall not be deemed in any manner whatever to deprive the trustee or the beneficiaries under this trust of any legal or equitable remedy by judicial proceedings consistent with the provisions of these presents according to the true intent and meaning thereof."

All that the trustee was to do had to be done upon the written request of the holders of a majority of the bonds.    There being no trustee, and the property being located here in Louisiana, it does not seem to me that the complainant should be compelled to resort to the dilatory measure of going to New Jersey and having another trustee appointed, but that he may avail himself of this clause last quoted; and, since he himself holds a majority in amount of the bonds, he may, as he has done, institute this suit in equity for a foreclosure of the mortgage for the benefit of himself and all who are similarly situated with him.

It is further urged that on only two occasions the coupons were presented,—on July 14, 1890, for $30, and on February —, 1891, for $90,—but the default for six months in the payment of the interest of any bond makes the principal and interest of all the bonds of that series to become due.    If there had been a trustee, there could have been no procedure in the way of foreclosure of this mortgage, except upon the written request of the holders in majority amount of the bond; and it is further provided in article 4 that any holder or holders of bonds may institute a suit in equity for the foreclosure of this mortgage without giving 30 days' notice in writing to the trustee, etc.    Since the mortgagor has allowed the office of trustee to become vacant, and since the complainant holds more than a majority of the outstanding bonds covered by the mortgage, and since six months have elapsed since the maturity of the coupons and default in their payment, I think he may for himself and others institute this suit; in other words, that the default in the payment

of the coupons, since there is no trustee, and since he is a holder of the majority of the bonds, authorizes his instituting the suit.

The decree must be in favor of complainant, maintaining the validity of the mortgage, and directing the sale of the premises prayed for.