[Civil No. 416.   Filed January 16, 1894.]

[35 Pac. 1058.]

## THOMAS DAVIS, Defendant and Appellant, v. GEORGE T. DODSON, Plaintiff and Appellee.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—NECESSITY FOR—FUNDAMENTAL ERROR—GILA R. I. CO. v. WOLFLEY, 3 ARIZ. 176, 24 PAC. 257, CITED.—In the absence of any assignment of error, this court will not look further than to determine if there be any error apparent upon the face of the record, and which goes to the foundation of the action. *Gila R. I. Co. v. Wolfley, supra,* cited.

2. SAME—SAME—SAME—DENIAL OF MOTION FOR CHANGE OF VENUE— NOT FUNDAMENTAL ERROR.—Error in denying a motion for change of venue is not such fundamental error as requires a review in absence of an assignment of error.

3. SAME—SAME—SAME—MORTGAGES—FORECLOSURE—JUDGMENT—PRINCIPAL—DEFAULT IN INTEREST—WHEN REVIEWABLE.—In a suit to foreclose a mortgage for failure to pay interest, judgment and order for sale of the premises for the principal, if the principal be not due, is fundamental error, and will be reviewed in the absence of an assignment of error, if apparent on the record.

4. MORTGAGES — FORECLOSURE — DEFAULT IN PAYMENT OF INTEREST — PRINCIPAL NOT DUE—CONSTRUCTION—HOOPER v. STUMP, 2 ARIZ. 262, 14 PAC. 799, FOLLOWED.—On foreclosure for non-payment of interest of a mortgage providing "in case default be made in payment of the said principal *or* interest," then the mortgagee is empowered to sell the premises, "and out of the money arising from such sale to retain the said principal *and* interest," it is proper to enter judgment for the principal, and order a sale of the premises therefor. *Hooper* v. *Stump, supra,* followed.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

Francis J. Heney, for Appellant.

G. C. Israel, and W. R. Stone, for Appellee.

BAKER, C. J.—There was a judgment below <sup>f</sup>·r the amount of a promissory note, and foreclosing a mortgage made to secure the payment of the same, and ordering a sale of the premises to pay both the principal and interest of the note. There being no assignment of errors, we will not look further than to determine if there be any error apparent upon the face of the record, and which goes to the foundation of the action. *Gila R. I. Co.* v. *Wolfley,* 3 Ariz. 176, 24 Pac. 257. This disposes of the alleged error in denying the motion for a change of venue. It has not been saved in the record.

It is claimed, however, that the principal of the note was not due, although the interest was, at the time of the judgment, and that the court erred in entering judgment for the principal, and in ordering a sale of the premises therefor. If such appears upon the face of the record,—that is, that the

principal was not due when suit was filed, and the judgment was rendered, and a sale of the premises ordered therefor,— we may consider it without any assignment of errors. The note is as follows: "$7,500.00. Florence, Arizona, June 11th, 1891. On or before ten (10) years after date, I promise to pay to George T. Dodson or order seven thousand five hundred ($7,500.00) dollars, value received, with interest thereon at seven (7) per cent per annum, payable annually at Bank of Montreal, Chicago, on June 11th of each year. [Signed] THOMAS DAVIS." The mortgage to secure such note, and foreclosed in the suit, contained the following clause: "And these presents shall be void if such payment be made according to the tenor and effect thereof. But, in case default be made in the payment of the said principal or interest of said note as herein provided, then the said party of the second part, his heirs, executors, administrators, or assigns, are hereby empowered to sell said premises, with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale to retain the said principal and interest." It is not denied but that the interest was due upon the note when suit was filed. The clause in the mortgage should be construed with the note, and in so doing we think it quite clear that the intention of the parties was, that upon a default in the payment of the interest a foreclosure might be had, and from the proceeds of the sale the plaintiff be allowed to retain both the principal and interest of the note. In *Hooper* v. *Stump,* 2 Ariz. 262, 14 Pac. 799, the court said, construing a like clause in a mortgage: "The language is plain, and can mean nothing else than, on failure to pay principal or interest, power is given to sell the premises, and retain such principal and interest. If it were only to cover interest, why say to 'retain the principal'?" The clause of the mortgage passed upon in *Bank* v. *Johnson,* 53 Cal. 99, and relied upon by appellant, is entirely different from the mortgage in this case. It is not authority, as applied to the facts here. We are satisfied with the conclusion reached by the lower court, and the judgment is affirmed

Rouse, J., and Hawkins, J., concur.

Sloan, J., not sitting.