[Civil No. 1094.    Filed March 20, 1909.]

[100 Pac. 807.]

THE COPPER BELLE MINING COMPANY, a Corporation of the State of West Virginia, and THE COPPER BELLE MINING COMPANY OF ARIZONA, a Corporation of the Territory of Arizona, Defendants and Appellants, v. MARTIN COSTELLO, Plaintiff and Appellee.

1. CONTINUANCE—DISCRETION OF COURT.—The granting or refusing a continuance to defendant on the filing of a supplemental complaint is within the discretion of the trial court.

2. MORTGAGES—FORECLOSURE—TIME TO SUE—CONSTRUCTION OF INSTRUMENT.—In determining the time for foreclosing a mortgage, the mortgage and collateral note must be construed together.

3. SAME—FORECLOSURE BY ACTION—TIME TO SUE.—Where the mortgage provides for foreclosure on default in payment of interest, such foreclosure may be had for both principal and interest, though the principal, by the terms of the note, be not yet due.

4. SAME—FORECLOSURE—CONSTRUCTION OF MORTGAGE.—A mortgage containing a power to sell as prescribed by law in case of default in interest, though the principal be not yet due, may be foreclosed on such a default by an action.

5. BANKRUPTCY — EFFECT OF DISCHARGE. — Bankruptcy proceedings against the mortgagor, to which the mortgagee was not a party, do not discharge the prior lien of the mortgage on the property covered

by it, or prevent a judgment against the proceeds of the sale of such property to which the lien has been transferred.

6. CORPORATIONS—PURCHASING CORPORATION'S OWN STOCK.—A purchase by a mining corporation of its own stock cannot be upheld if existing creditors were in fact thereby injured.

7. SAME—ELECTION OF DIRECTORS—VALIDITY OF ACTS.—Corporate directors, who assume the office after election without objection, are at least *de facto* directors, and their acts are valid, so that creditors cannot object to the foreclosure of a corporate mortgage authorized by them on the ground that they were nonresidents.

8. SAME—CORPORATE ACTS—VALIDITY OF MORTGAGE.—The fact that some of the directors are not residents of the state, as required by statute, does not invalidate a corporate mortgage given by them on lands in another state.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County. Fletcher M. Doan, Judge.  Affirmed.

The facts are stated in the opinion.

See, also, 11 Ariz. 334, 95 Pac. 94.

Francis M. Hartman, for Appellants.

The second mortgage did not provide for any default for nonpayment of interest.  The mortgagee for default in the interest could not foreclose before the maturity of the note. *Van Loo* v. *Van Aken,* 104 Cal. 269, 37 Pac. 925; *Williams* v. *Townsend,* 31 N. Y. 415.  And nonpayment of an installment does not authorize judgment for the whole debt.  Wiltsie on Mortgage Foreclosure, sec. 37; *Black* v. *Reno,* 59 Fed. 921; *Bank* v. *Johnson,* 53 Cal. 99.

The confirmation of a composition discharges the bankrupt from his debts.  *In re Jersey Island Pkg. Co.,* 152 Fed. 839; *Pierce* v. *Wilcox,* 40 Ind. 70.  After a discharge in bankruptcy no decree can be made against the person of the bankrupt on account of a mortgage debt due and provable before bankruptcy.  *Wolfe* v. *Bate,* 48 Ky. (9 B. Mon.) 208; *Blackwell* v. *F. & M. Bank* (Tex. Civ. App.), 76 S. W. 454; *Delta County Bank* v. *McGranahan,* 37 Wash. 307, 79 Pac. 796; *Holland* v. *Cunliff,* 96 Mo. App. 67, 69 S. W. 737.  Where a claim against a bankrupt is duly scheduled, it is included in

his discharge, whether the creditor proves it or not. *In re Kuffler*, 153 Fed. 667.

A purchase by a corporation of its own shares of stock paid for out of its assets, or secured by a mortgage on its property, is void as to creditors. Cook on Corporations, sec. 311, p. 675; *Lowe* v. *Pioneer Threshing Co.* (C. C. A.), 70 Fed. 646.

The special meeting of the stockholders and the board of directors to authorize the notes and mortgage were held outside the state of the creation of the corporation and outside the Territory of Arizona. The place of the meetings of stockholders must be within the state creating the corporation. Cook on Corporations, 5th ed., sec. 589; 2 Purdy's Beach on Private Corporations, sec. 671.

James Reilly, and Ben Goodrich, for Appellee.

In *Hooper* v. *Stump*, 2 Ariz. 262, 14 Pac. 799, this court, in construing precisely the same language that appears in the mortgage under consideration, says: "The language [of the mortgage] is plain, and can mean nothing else than on failure to pay the principal or the interest power is given to sell the premises and retain such principal and interest. If it were only to recover interest in default of payment of interest, why say to retain principal? Such is the contract and by it the parties must stand. We see no need in referring to authorities." In *Brickell* v. *Batcheldor*, 62 Cal. 630, the court holds that the authorization to sell in the manner prescribed by law means by suit under foreclosure. *Phelps* v. *Mayers*, 126 Cal. 550, 58 Pac. 1048, and cases cited; *Clemmens* v. *Luce*, 101 Cal. 435, 35 Pac. 1032. The judgment of the lower court should be sustained. Pars. 3280, 1433, Ariz. Rev. Stats. 1901; *Tinsley* v. *Boykin,* 46 Tex. 597; *Kesner* v. *Trigg*, 98 U. S. 54, 25 L. Ed. 84; *Olcott* v. *Bynum*, 17 Wall. 63, 21 L. Ed. 575; *Chicago & Vincennes R. R. Co.* v. *Fosdick*, 106 U. S. 68, 1 Sup. Ct. 10, 27 L. Ed. 47; *Central R. R. Co.* v. *Central Trust Co.*, 133 U. S. 89, 10 Sup. Ct. 235, 33 L. Ed. 561; *Simmons* v. *Burlington C. & R. N. Co.*, 159 U. S. 288, 16 Sup. Ct. 1, 40 L. Ed. 150; *Farmers' Loan & Trust Co.* v. *Oregon etc. R. R.*, 24 Fed. 411; *Hawkins* v. *Hill*, 15 Cal. 499, 76 Am. Dec. 499.

KENT, C. J.—This is an action brought by Martin Cos-
tello against the Copper Belle Mining Company, a corpora-
tion of the state of West Virginia, and the Copper Belle
Mining Company of Arizona, a corporation of the territory
of Arizona (which we will hereafter refer to as the "West
Virginia company" and the "Arizona company," respec-
tively), to recover on certain promissory notes given by the
West Virginia company to one Gleeson and subsequently as-
signed by him to Costello, and to foreclose the liens covered
by two mortgages upon certain mining property of the West
Virginia company given to secure the notes. The complaint
contained two causes of action; the first cause of action being
on a certain promissory note for the sum of $15,100, secured
by a first mortgage on the property and for a certain amount
expended by Costello for assessment work upon the mines
covered by the terms of the mortgage, and the second cause
of action set up the execution of four certain promissory notes
aggregating $53,000, secured by a second mortgage on the
same property, and alleged that a certain amount of interest
was due upon said last-mentioned notes, although the prin-
cipal thereof was not due and payable at the time of the filing
of the complaint. Judgment was prayed for the full amount
of the principal and interest of the note set up in the first
cause of action, for the amount expended for assessment work,
for the interest due on the notes set up in the second cause
of action, for a determination of the present value of the four
promissory notes set up in the second cause of action, and for
a decree foreclosing the mortgage liens upon the property
of the West Virginia company. Upon the first trial of the
action, the district court found for the plaintiff for the full
amount of the claims set up in the first cause of action, and
for a certain amount of interest due on the notes set up in
the second cause of action. An appeal was taken from the
judgment so entered, and upon such appeal the judgment was
affirmed by this court as to the amount found due upon the
first cause of action, but modified by striking out therefrom
the amount found by the trial court to be due for interest on
the notes set up in the second cause of action, for the reasons
given in our opinion, reported in 95 Pac. 94, without preju-
dice to the plaintiff to thereafter enforce such rights as he

might have under his second cause of action. The case thereafter came on for trial in the district court upon the plaintiff's second cause of action as set up in his original complaint and upon the amended answers of the two defendant corporations subsequently filed, and upon a pleading filed at the time of the trial by the plaintiff with the leave of the court, in the nature of a supplemental complaint which set up that, since the judgment was rendered in favor of the plaintiff on his first cause of action, the mining property covered by the mortgages had been sold by the sheriff on execution to satisfy the judgment obtained upon the first cause of action, for the sum of $89,346.25, and that the balance thereof, after the payment of the amount of such judgment, to wit, the sum of $63,964.92, had been paid into court to be applied by the court so far as it might be necessary for the payment of the notes set up in the second cause of action, with interest; and further set up the expenditure by the plaintiff of a certain amount of money for assessment work upon the property since the filing of the original complaint. To this supplemental complaint answers were duly filed by the defendant corporations. Judgment was rendered for the plaintiff for the sum of $65,616.45, to be satisfied only out of the proceeds in the hands of the court from the sale above referred to, and against the Arizona company for costs, no personal judgment being rendered against the West Virginia company. From this judgment and the denial of a motion for a new trial, the defendant corporations have appealed.

Except for the facts set forth in the supplemental complaint, the pleadings and the evidence upon the second trial were substantially the same as upon the first. A full statement of the case is to be found in our former opinion (11 Ariz. 335, 95 Pac. 94), and need not be repeated here. It is proper to state, however, that, in addition to the facts established upon the first trial, the evidence showed and the court found upon the second trial the following facts: That on February 4, 1902, the West Virginia company executed and delivered to Gleeson, for value, its four promissory notes aggregating $53,000, secured by its second mortgage on the property. That according to the terms of the mortgage plaintiff was authorized to have the assessment work required by law to be done performed on said mining claims, and the

amount so expended by the plaintiff was found. That before maturity the notes were assigned by Gleeson to the plaintiff for value. That in April, 1904, the Arizona company acquired by conveyance from the West Virginia company the mining claims covered by the mortgage. That at the time of the execution and delivery of the notes and mortgage the West Virginia company had assets largely in excess of its debts and liabilities. That the defendant Gleeson did not make any false or fraudulent representations to the West Virginia company as to the physical condition of the mines or the financial condition of the company. That the officers of the company had ample opportunity to investigate the conditions for themselves, and did not rely upon any representations of Gleeson in regard thereto. That on February 28, 1903, the West Virginia company was adjudged a bankrupt, and thereafter certain creditors of said bankrupt proved their claims, and thereafter the Arizona company became the owner of such claims by assignment. That the notes sued upon were given, and the mortgage securing the same became a lien upon the property, more than a year prior to said adjudication in bankruptcy, and more than five months prior to the filing of the petition on which said adjudication was made. That the plaintiff did not present the notes sued on nor the indebtedness thereon as a claim in the bankruptcy proceedings, but prayed leave therein to sue in the proper court for the foreclosure of his lien on said security for the satisfaction of the debt. That since the judgment in favor of the plaintiff on the first cause of action was entered, an order of sale was issued out of the district court commanding the sheriff to sell on execution the mining property covered by the mortgage, and that the proceeds thereof, less the amount of the judgment on the first cause of action, had been paid into court by the sheriff to be applied as far as necessary to the payment of the notes secured by the second mortgage and covered by the second cause of action.

Of the numerous assignments of error set up by the appellants, many are not argued by counsel in his brief, and some, having been already disposed of by our former opinion, require no consideration. The appellants claim that the court erred in not granting a continuance of the trial at the time the plaintiff by leave of the court filed his supplemental com-

plaint. The granting of such a continuance was a matter in the sound discretion of the trial court. As no facts were presented either to the trial court or to this court in appellant's brief to show that the defendants were prejudiced by the refusal to grant the continuance, we may not hold that the trial court abused its discretion in its refusal.

A special demurrer was interposed to the complaint on the ground that the second cause of action was prematurely brought, in that none of the notes sued upon in the second cause of action were due at the time the second cause of action was commenced, since the date of maturity of the first of the notes had not arrived, and there was no provision in the notes or mortgage that upon default of the interest the principal should become due and payable; but, on the contrary, by the provisions thereof the interest, if not paid, was to be added to the principal and draw like interest therewith from the date of its accrual. This demurrer was overruled by the court, and its action in that regard is assigned as error. Each note contains the following provision: "The said interest to be paid yearly at the end of each year, and if not so paid to be added to the principal and to draw like interest from the date of its accrual." The mortgage contains the following clause: "But in case default be made in the payment of the principal or of any interest for a term of three months after the said interest shall become due, as provided in said promissory note, then the said party of the second part, his executors, administrators or assigns, are hereby empowered to sell the hereinbefore described property with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from said sale, to retain the said principal and interest, together with costs and charges of such sale, and three per cent attorney's fees, and also any and all sums of money that the said party of the second part (the mortgagee) finds it necessary to pay out to preserve the title to the property hereinbefore described, with three per cent per annum interest thereon, and the surplus, if any, on demand to be paid to the party of the first part, its successors and assigns." Construing the note and the mortgage together, as we must, it seems plain that, where the mortgage gives power to sell the premises and retain the principal and interest upon default in the payment

of interest, the mortgage may be foreclosed and the principal and interest recovered, though the principal, by the terms of the note, be not yet due, and that the authorization to sell in the manner prescribed by law gives the power to sell under foreclosure proceedings. We have heretofore so held in construing a mortgage of similar tenor, and our holding has the support of authority. *Hooper* v. *Stump*, 2 Ariz. 262, 14 Pac. 799; *Phelps* v. *Mayers*, 126 Cal. 549, 58 Pac. 1048; *Clemens* v. *Luce*, 101 Cal. 432, 35 Pac. 1032. The trial court was therefore right in overruling the demurrer.

The appellant claims that the trial court erred in not holding that the proceedings whereby the West Virginia company was adjudged a bankrupt, and a composition of creditors effected, extinguished the debt and the lien of the mortgage. The plaintiff did not prove his claim in the bankruptcy court and was not a party to the composition. We do not need to question the contention of the appellant that by the bankruptcy proceedings the West Virginia company was discharged from the debt and from any liability upon a personal judgment, since no personal judgment against the company has been entered in this action. The bankruptcy proceedings and the composition effected did not, however, discharge the prior lien of the mortgage on the property covered by it, or operate to prevent a judgment against the proceeds from the sale of such mortgaged property to which the lien had been transferred.

It is urged that the trial court erred in rendering judgment for the plaintiff, since the evidence showed that at the time of the execution of the notes and mortgage the West Virginia company was largely indebted in at least the sum of $35,000, and that the transaction was in fraud of the creditors owning these claims in whose shoes the Arizona company now stands by assignment thereof; it being contended that a corporation may not purchase its own shares of stock to the injury or detriment of its creditors. We held on the former appeal in this case that: "In the absence of any statute prohibiting the purchase by a company of its own stock, such purchase is a transaction not *per se* void, but its validity depends upon the circumstances of the case. The transaction might in some instances be avoided by stockholders who did not assent, if injured. It might be avoided by creditors who

were injured.'' We are clearly of the opinion that a purchase by the West Virginia company of its own stock, made with Costello's knowledge, could not be upheld if existing creditors were in fact injured thereby. The difficulty with the appellant's position is that the record does not bear him out in his assumption that the creditors were injured by such purchase. The trial court found that at the time of the execution of the notes and mortgage, the West Virginia company had assets largely in excess of its indebtedness. This finding is not assigned as error or attacked by the appellant. Evidence which is to be found in the reporter's transcript, though not incorporated by the appellant's counsel in the abstract, sustains the finding of the trial court in that respect.

It is claimed by the Arizona company that the notes and mortgage were void because the directors of the company that authorized the issuance thereof were not at the time residents of the state of West Virginia, the home of the corporation, as required by the statute of that state; but, if ineligible under the statutes of West Virginia, the force and effect of which we do not need to determine, the directors, having been elected by the stockholders and having assumed office without objection, were *de facto* directors, and creditors of the corporation may not object collaterally to acts done by the directors on the ground that they were not legally elected as such, for the contracts of an officer *de facto* acting within the sphere of his office are binding upon the corporation and its creditors. Cook on Corporations, secs. 623, 713. It is therefore no defense to a mortgage that the directors authorizing it were irregularly elected, the stockholders having acquiesced, and it has been directly held that the fact that some of the directors are not residents of the state, as required by statute, does not invalidate a mortgage given by them on land in another state. *Wheelwright* v. *St. Louis Co.*, 56 Fed. 164.

We find no error in the record, and the judgment of the district court is affirmed.

SLOAN, CAMPBELL, and NAVE, JJ., concur.