[Civil No. 2720. Filed February 25, 1929.]

[274 Pac. 775.]

S. N. HOLMAN and MIRTRUE HOLMAN, Appellants, v. C. M. ROBERTS, Appellee.

See Appeal and Error, 4 **C. J.**, sec. 2665, p. 735, n. 27.

Equity, 21 **C. J.**, sec. 735, p. 594, n. 85.

Mortgages, 41 **C. J.**, sec. 1028, p. 848, n. 27, sec. 1029, p. 849, n. 32, sec. 1043, p. 855, n. 17.

Mr. T. E. Allyn, for Appellants.

Messrs. Ellinwood & Ross, Mr. James S. Casey, and Mr. Wm. H. MacKay, for Appellee.

ROSS, J.—Appellee Roberts, as assignee, commenced this action against the appellants, the makers, to collect four promissory notes and to foreclose the mortgages given to secure notes, and pleaded his demands in four separate causes of action.

Appellants filed answers admitting they executed and delivered the paper sued on, but they allege that

the notes and mortgages described in causes of action 1, 3, and 4 were not due and that the action as to them was prematurely brought; deny the balance due is as much as alleged; deny the indorsements to appellee and that he is the *bona fide* holder; deny that the covenants and terms of the notes and mortgages have been broken; affirmatively allege that the note set out in the first cause of action was given by them in payment of the purchase price of the land mortgaged to secure it; that contemporaneously the grantor and payee of note gave to them an agreement to credit on note $29 for each acre that might be destroyed by the Gila river during the next fifteen years, and in case note was paid before the expiration of fifteen years to make good any acreage, at $29 per acre, thereafter destroyed within the term of fifteen years; that said agreement for credit on account of erosion was agreed to be and was attached to the note; that said note was altered by detaching said agreement therefrom without their knowledge or consent and in the erasure of an indorsement by the payee, on the reverse side of note, waiving its collection until 1931. It is alleged that the waiver of the right to collect this note until 1931 was indorsed thereon in consideration of the execution and delivery to the payee of the notes and mortgages described in causes 3 and 4. Appellee and his assignor, H. C. Ussher, are charged with combining and conspiring to defraud appellants out of their land and to defeat a number of other lienholders and mortgagees having claims against the property.

The case was tried before the court with a jury.

To special interrogatories as to the amount of credit appellants were entitled to for erosion of land, the jury answered $542. The court ignored this finding to the extent of reducing the allowance for erosion to $362, and entered judgment for the full amount of

the notes, interest, attorney's fees, and costs, less $362.

From this judgment the appellants prosecute this appeal.

The transcript of the testimony is not a part of the record, nor is there any bill of exceptions or statement of facts made a part of the record. There are some exhibits in the files, but there is nothing to explain how they affect the issues or to identify them as competent or material. In short, as the case is presented we are limited to an examination of the pleadings, and if therefrom it shall appear that the judgment is within the issues and that the suit was not prematurely brought and the note not altered, we must affirm the judgment.

Concerning the contention that the notes described in causes numbered 1, 3, and 4 are not due, and that the suit thereon is premature, we have this to say: These three notes, according to their terms, were due in 1931, but the interest thereon was due and payable annually on October 1st. The mortgages to secure them each contained this provision:

" . . . If the interest on said promissory note . . . shall not be punctually paid when the same shall become due, as in said promissory note mentioned, or in case of the failure of said mortgagors to pay before delinquent any taxes or assessments levied against said premises, then, and in such case, the principal sum of said note, and the interest thereon, shall be deemed and taken wholly due and payable, and proceedings may forthwith be had . . . for the recovery of the same either by suit on said note, or on this mortgage and note."

It is alleged in the complaint that the interest was in default and the taxes delinquent, and we must assume, in the absence of the evidence and in view of the court's judgment, that this allegation was sustained by competent evidence. The mortgages having

provided for the acceleration of the due date of both the note and mortgage for failure to pay interest as it became due, or for the failure to pay taxes before delinquent, the law is well settled the owner of the notes, at his option, may forthwith take legal steps to enforce their payment. *Copper Belle Mining Co.* v. *Costello,* 12 Ariz. 318, 100 Pac. 807; *Hooper* v. *Stump,* 2 Ariz. 262, 14 Pac. 799; *Bohan* v. *Harris,* 71 Mont. 495, 230 Pac. 586; *Console* v. *Torchinsky,* 97 Conn. 353, 116 Atl. 613; 41 C. J. 847, §§ 1026 and 1028.

There was indorsed on the note described in the first cause of action these words: ''I waive claim to the collection of the principal of this note until the year 1931 H. C. Ussher'' (payee). This indorsement, unexplained, might be taken at its face value and to mean what it says, but we have no way of knowing how it came to be on the note. As counsel for appellee well say, it may have been a forgery or there might not have been any consideration for it. The evidence doubtless would explain it, but we are not furnished the evidence. However, the extension of the time of payment of the principal to 1931 would not defeat the acceleration clause in the mortgage for failure to pay interest when due or taxes before they became delinquent. 41 C. J. 855, § 1043.

What we have said above applies to and disposes of the defense of alteration of note. Without the evidence submitted on that issue, we must presume, under our decisions, that the lower court's action was in accordance with the facts and the law. *State* v. *Central Bank of Wickenburg,* 31 Ariz. 337, 253 Pac. 439.

The verdict of the jury, this being an equity case, was simply advisory. The court had the right to disregard it and to make findings of its own as to the credit appellants were entitled to for erosion of land.

*Ainsworth* v. *National Bank of Arizona*, 33 Ariz. 466, 266 Pac. 8.

A close and careful examination of the assigned errors convinces us the judgment must be affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.