251 P.2d 303

**LANE et ux. v. MATHEWS.**

No. 5488.

Supreme Court of Arizona.
Dec. 11, 1952.

Third Motion for Rehearing Denied
Jan. 15, 1953

Nasib Karam, of Nogales, for appellants.

Norman Herring, of Tucson, for appellee.

STANFORD, Justice.

The original opinion in this case was handed down on March 31, 1952 and reported in 73 Ariz. 435, 242 P.2d 557. Appellee timely filed a motion for rehearing which was granted. The opinion on rehearing was handed down on July 17, 1952 and is reported in 74 Ariz. 201, 245 P.2d 1025.

In the original opinion this court reversed the judgment of the trial court, but upon rehearing affirmed that judgment. Appellants then filed a motion for a second rehearing, and this has been granted by virtue of the inherent power of an appellate court to "revise, modify, and cor-

rect its judgments." 3 Am.Jur., App. & Err., Section 796, page 345. 4 C.J., Appeal and Error, § 2477, page 621; 4 C.J.S., Appeal and Error, § 1408. Metropolitan Water Dist. v. Adams, 19 Cal.2d 463, 122 P.2d 257.

E. C. Lane and Millie Lane, defendants below, and hereafter referred to as appellants, entered into an oral agreement to lease certain land they owned to Bob Mathews, a cotton farmer, plaintiff below, and hereafter referred to as appellee. It was agreed between the parties to this lease that the oral terms were to be reduced to writing by appellants' attorney, J. M. Jessen, who was present when the parties agreed to the terms of the lease and who took written notes thereof. Jessen prepared the lease and mailed three copies to the appellants, who read the lease and then delivered it to appellee for his signature. Appellee, who cannot read, had his wife read the lease to him, and not being satisfied that the lease contained all the provisions agreed to between the parties, he took the lease to one Alfred Putts, his financial backer. Putts, having read the lease, agreed it should be changed, so he and appellee went to Putts' attorney, Lloyd Helm.

Three paragraphs were added to the lease by Helm at the direction of Putts, in the presence of appellee. Helm's secretary removed the last page—numbered seven—of the original lease, and replaced it with a page containing an additional three paragraphs. At the bottom of this substitute page, numbered seven, secretarial marks appearing on the original page were copied together with the same date of the original.

The lease, containing the added provisions, was then signed by appellee and returned to appellants, with no mention being made of the changes therein. Appellant, E. C. Lane, testified he did not read the lease when it was returned but merely thumbed through the pages, checking each as to page number and secretarial marks. Then he signed the lease, as did his wife.

Appellee sued appellants in the lower court for breach of the lease, which he contends resulted in damages to his cotton crop. It appears that one of the provisions added to the lease required appellants to maintain the pumping equipment used for irrigation and make all necessary repairs thereon. The pumps became in disrepair, and some 200 acres of cotton were damaged as a result of insufficient irrigation.

Briefly, the jury found in answer to interrogatories submitted to them that (a) appellants did not know of the change in the last page of the lease when they signed it, (b) were not negligent in failing to reread the lease after it was returned by appellee, and (c) that appellants did not sign the lease as a result of any fraud on the part of appellee.

The lower court apparently found no grounds for reformation as requested in the

cross-complaint filed by the appellants, and ordered the trial to proceed on the question of damages from the breach of the lease. The jury returned a verdict in favor of appellee for $11,500, and judgment was entered thereon.

We have carefully read the testimony pertaining to reformation, and we find no legal basis for the lower court's refusal to submit to the jury an interrogatory submitted by appellants directly raising the question of what the true agreement was between the parties. We will discuss the possible grounds the lower court based its refusal upon inasmuch as the lower court did not make any findings of fact. It might have found negligence on the part of the appellants, regardless of the fact that the jury found the appellants to be free from negligence. The trial court has the right to disregard the findings of the jury in an equity case, as it is only advisory. Holman v. Roberts, 35 Ariz. 110, 274 P. 775. We cannot agree with this suggested basis that the trial court found negligence on the part of the appellants.

This fact situation can certainly be distinguished from those found in Mutual Benefit Health & Acc. Ass'n v. Ferrell, 42 Ariz. 477, 27 P.2d 519, and Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745. In the latter cases the person held to be negligent had failed to read a document which he was requested to sign and which he had never seen before. In the present case it was the appellants who had the lease drawn up and then carefully read it before delivering it to appellee. They certainly had a right to assume the lease was unchanged when they received it from appellee with no comment and properly signed.

The lower court may have found no negligence on the part of appellants and that they were mistaken as to the document they signed, and may have further found that there existed no fraud, either legal or actual. Again we find no reasonable evidence to sustain the possible finding that there was no fraud of any kind. Appellee, in having the lease changed so it contained the three new paragraphs, added important responsibilities to be assumed by the appellants. Before the change, the lease provided that appellee:

"* * * shall pay and discharge all the costs and expenses arising out of or incidental to his use, occupancy and farming of said real property * *."

After the change had been made, this provision quoted above remained in the lease, but in addition thereto were the three paragraphs which provided in substance that appellants should maintain the pumps in good working order, should furnish a mechanic to make necessary repairs on the pumps, all at the expense of appellants. It would seem obvious that if such important duties were agreed, as between the parties, to be assumed by the appellants, and appellee intended that the

lease should so provide, that it was his duty to inform appellants of the change.

This court, in Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870, 877, stated that:

"* * * Fraud may be committed by a failure to speak, when the duty of speaking is imposed, as much as by speaking falsely."

We quote from 76 C.J.S., Reformation of Instruments, § 46, page 400:

"* * * It has been held that one whose fraud or inequitable conduct caused the instrument to be drawn or accepted with provisions at variance with the true agreement may not set up the other party's negligence in failing to read the instrument. * * *"

In the case of Korrick v. Tuller, 42 Ariz. 493, 27 P.2d 529, this court recognized that a written instrument could be reformed where there was mistake of one party, and inequitable conduct found in the other.

While not approving the holding in In re McDonnell's Estate, 65 Ariz. 248, 179 P.2d 238, we find several factors which distinguish that case from the present set of facts. Paramount distinction is that in that case the court found negligence on the part of the signer of the deed, while here we have found as a matter of law there was no negligence on the part of appellants.

The court erred in not submitting to the jury the crucial question of what was the true agreement. In the trial of equity cases where a jury has been demanded, the court may not withdraw the determination of questions involving controverted facts from the jury. Haynie v. Taylor, 69 Ariz. 339, 213 P.2d 684.

We find no merit in the appellants' contention that the lower court erred in refusing to submit the issue of mutual mistake to the jury. There is no testimony to the effect that appellee was mistaken as to the contents of the lease when he signed it. It was a mistake on one side, and inequitable conduct on the other.

Judgment reversed and case remanded for a new trial.

UDALL, C. J., and LA PRADE, J., concur in the result.

PHELPS and DE CONCINI, JJ., concur.