532 P.2d 514

**Urban PORTERIE, Appellant,**

v.

**Cabot B. PETERS and Jane Doe Peters, his
wife, William E. Dunn and Jane Doe Dunn,
his wife, and Harold J. Chittum and Jane
Doe Chittum, his wife, Appellees.**

**No. 11681.**

Supreme Court of Arizona,
In Division.

March 5, 1975.

Rosen & McGroder by David Neal Rosen, Phoenix, for appellant.

Maupin, Wilson & Maud by Donald R. Wilson, Phoenix, for appellee Peters.

Johnson, Tucker, Jessen & Dake by Kenneth L. Tucker and Michael M. Johnson, Phoenix, for appellees Dunn and Chittum.

HOLOHAN, Justice.

This action is one for damages for personal injuries the plaintiff alleged he sustained from a motor vehicle accident in which several vehicles were involved. From a jury verdict and judgment in favor of all the defendants and from an order denying a motion for a new trial, the plaintiff appealed.

The appeal was filed in the Court of Appeals, but this Court assumed jurisdiction over the matter pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A, A.R.S.

The accident occurred at about 7:00 o'clock in the evening on the Black Canyon Freeway near Cordes Junction, Arizona. About thirty minutes prior to the accident

a cattle truck had gone off the highway and overturned. A highway patrolman was investigating the accident. His patrol car was parked off the shoulder of the road. There was testimony that the top mount lights on the patrol car were operating.

The order in which the crash or crashes occurred and relative sequence in which the vehicles involved in the accident were traveling, is in complete dispute by the parties.

### Plaintiff's Theory

Appellant, plaintiff below, was a passenger in a 1962 Dodge pickup truck driven by defendant Peters. As they came over a hill he saw the taillights of a car in front of them (later identified as a Thunderbird). Plaintiff's host driver, Peters, veered to the left to go around the Thunderbird. As he did so, the Thunderbird pulled into the left lane. Peters, attempting to go around the Thunderbird, pulled back onto the right shoulder, but so did the Thunderbird. At that moment Peters' pickup was "tapped" in the rear by another car and knocked sideways so that the pickup hit the Thunderbird. Plaintiff sustained no injury until Peters' vehicle was "tapped" in the rear. It was plaintiff's theory that either defendant Dunn or defendant Chittum hit Peters' pickup in the rear forcing the pickup into the Thunderbird.

Plaintiff joined as defendants Peters, his host driver, Dunn and Chittum. The driver of the Thunderbird was not made a party defendant.

### Peters' Theory

Peters' account of the accident was similar to plaintiff's. It was his theory that defendant Dunn must have hit his car because it had damage on the left rear fender and to the front end.

### Dunn's and Chittum's Theory

Dunn testified that he did not hit a car in front of him. It was his theory that he was hit in the rear by Chittum's pickup and was forced off the highway, hitting a highway sign which caused the front end damage to his pickup.

Chittum testified that he hit Dunn's pickup but did not strike the Peters vehicle.

It is both Dunn's and Chittum's theory that Peters' vehicle was *not struck in the rear* but rather the injury to plaintiff, if any, was caused by a collision of Peters' pickup with the Thunderbird. They contend they could in no way be considered negligent because they did not collide with Peters' pickup.

The defendants contend that plaintiff was not injured as a result of this accident, and there is conflicting evidence as to whether plaintiff was injured by the accident.

Plaintiff presented five questions on appeal:

(1) Did the court err in refusing to give plaintiff's requested instruction based on Section 433 of the Restatement (Second) of Torts, to the effect that the burden of proof shifts to the defendant where plaintiff is injured by one or two or more negligent defendants, but cannot prove which one?

(2) Did the court err in giving defendants' requested instruction as to proximate cause?

(3) Was it error to refuse to instruct the jury that it was no defense to assert that a party not joined as a defendant was also a proximate cause of the accident?

(4) Did the court err in failing to give a "to look is to see" instruction?

(5) Did the court err in failing to grant plaintiff's motion for a mistrial because of remarks of defendants' counsel?

Plaintiff requested an instruction based on the Restatement (Second) of Torts, Section 433 B. The instruction was written by hand. At the time the instructions were being settled, plaintiff read the following instruction into the record from the handwritten instruction:

"The burden of proof in a negligence case is upon the plaintiff except where the negligent conduct of two or more

persons has combined to bring about harm to the plaintiff and one or more of the persons seek to limit his liability on the grounds that the harm is capable of apportionment among them.

"The burden of proof as to the apportionment is upon each such person and likewise the burden of proof is upon each such person claiming to avoid liability where the conduct of two or more persons is negligent and it has been proved that harm has been caused to the plaintiff by one of them but there is uncertainty as to which one caused it." (Transcript Vol. IV, pp. 451, 452.)

Plaintiff believed the handwritten instruction had been filed but it was not. The handwritten instruction was attached to plaintiff's brief and read as follows:

"The burden of proof in a negligence case is upon the plaintiff except where the negligent conduct of two or more persons has combined to bring about harm to the plaintiff, and one or more of the persons seek to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such person.

"Or where the conduct of two or more persons is negligent and it has been proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one caused it, the burden is upon each such person to prove that he has not caused the harm." (Plaintiff's brief, Appendix, pp. 52, 53.)

Section 433 B of the Restatement is as follows:

"(1) Except as stated in Subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm to the plaintiff is upon the plaintiff.

"(2) Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor.

"(3) Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm."

█ In a succession of decisions we have held that the burden of proving negligence rests upon the plaintiff. It is not incumbent upon the defendant to prove an absence thereof. Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); Salt· River Valley Water Users' Assn. v. Blake, 53 Ariz. 498, 90 P.2d 1004 (1939); Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968).

█ It is plaintiff's position that where an innocent plaintiff is injured by one or more negligent defendants, but he cannot prove which defendant or defendants actually caused the injury, the burden shifts to the defendant to prove that he did not cause the injury. In support of his contention, plaintiff cites Section 433 of the Restatement (Second) of Torts. Plaintiff's offered instruction encompasses both subsections 2 and 3 of the Restatement. Subsection 2 relates to apportionment of harm to a plaintiff. In this case there was but a single injury to the plaintiff. Any instruction concerning apportionment would have been improper. The correctness of instructions given in a case must be determined in the light of the issue raised by the pleadings and by the evidence. Davis v. Burington, 101 Ariz. 506, 421 P.2d 525 (1966). If a requested instruction is partly correct and partly incorrect, it is not the duty of the trial court to reword the requested instruction so as to eliminate the incorrect statement. Powell v. Langford, 58 Ariz. 281, 119 P.2d 230 (1941); O'Rielly Motor Co. v. Rich, 3 Ariz.App. 21, 411 P.2d 194 (1966). A refusal to give an instruction which is not applicable to the facts in the case and does

not correctly state the law, is not grounds for reversal. Instructions must be measured by the facts and circumstances of the case in which they are given. For these reasons we hold it was not error to refuse to give the requested instruction.

■ Additionally the facts of this case do not bring it within Rule 433 B, subsection 3 of the Restatement. The comment to the rule demonstrates that it was designed to apply only where it has been proven that each of two or more defendants had acted negligently. *See* comment (g) to Section 433 B, Restatement (Second) of Torts.

The evidence is conflicting as to whether any of the defendants were negligent as well as to whether any of their actions caused injury to the plaintiff. The plaintiff is asking us to hold that the negligence of all of the defendants is clear, and this we cannot do.

■ Mere abstract legal rules should not be given unless they are applicable to the issues in the case at issue.

Plaintiff also cites the California case of Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1 (1948); however, this case is not applicable. In *Summers* there was no question as to the negligent acts of the defendants.

The question presented by the Restatement rule may be distinguished from the factual elements involved in this case. Under the Restatement rule, there are wrongful or negligent acts committed by all the defendants with only one act producing the plaintiff's injury. In the case at bar the proof is not clear as to which of the defendants, if any of them, committed an act of negligence which produced plaintiff's injury.

By this holding we are not deciding to accept or reject Section 433 of the Restatement (Second) of Torts. The facts of the case at issue do not bring it under the rule.

Plaintiff's second contention is that the trial court erred in giving the following instruction:

"You are instructed that you must not base your verdict upon surmise or specu-

lation but only upon facts proved to you by the evidence.

"Where the evidence shows that the injury to the plaintiff, if any, may have resulted from one of several causes and it is just as probable that it may have been a cause for which the defendant was not responsible as it is that it was one which the defendant was responsible, then the probabilities being equally balanced, the plaintiff cannot recover against such a defendant."

It is argued that this instruction tells the jury that the plaintiff must prove that the defendant was a cause of the injury and was more responsible for the injury than any other cause. Plaintiff asserts that because there may be more than one proximate cause of an injury, the instruction is erroneous.

The Superior Court gave the following instruction to the jury as to proximate cause:

"A proximate cause of an injury is any cause which in the natural and continuous sequence unbroken by a efficient intervening cause produces the injury and without which the injury would not have occurred. There may be more than one proximate cause of an injury."

The court also instructed the jury:

"If you find that a defendant was negligent and that such negligence was a proximate cause of plaintiff's injury, then you must find for the plaintiff on the issue of liability."

Such instructions are a correct statement of the law and the jury was properly instructed in the issue of proximate cause. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201 (1949); McDowell v. Davis, 104 Ariz. 69, 448 P.2d 869 (1968).

■ The instruction objected to by the plaintiff is also a proper instruction where there is a conflict in the evidence as to the cause of the injury. Snethen v. Gomez, 6 Ariz.App. 366, 432 P.2d 914 (1967). A review of the record discloses sufficient evidence to authorize the instruction.

■ Jury instructions will not be considered "piecemeal." They must be considered as a whole. Arizona Public Service Company v. Brittain, 107 Ariz. 278, 486 P. 2d 176 (1971). The instruction objected to by the plaintiff, together with the other instructions given, properly instructed the jury as to the applicable law. The instructions were a fair and complete presentation of the issues and theories involved in the case.

■ Plaintiff's third contention is that the trial court erred in failing to give the following instructions:

Requested Instruction #4:

"When the negligent acts or omission of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as proximate causes to the injury of another, each of such persons is equally liable, and a person thereby injured may recover all of his damages from any or all of the persons responsible for any one of the causes. This is true even though you might believe that one of the responsible parties was more negligent than the other, for the law does not recognize degrees of negligence in this kind of case."

Requested Instruction #5:

"When the negligent acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as proximate causes to the injury of another, each of such persons is liable, regardless of the relative degree of the contribution. It is no defense for a defendant, whose negligence has been one of the proximate causes of an injury, to assert that some other person not joined as a defendant in this action also participated in causing the injury. This would be true even if it should appear to you that the negligence of that other person was greater in either its wrongful nature or its effect."

The trial court instructed the jury as to proximate cause and that there could be more than one proximate cause of the injury. The jury was also instructed:

"If you find that a defendant was negligent and that such negligence was a proximate cause of plaintiff's injury, then you must find for the plaintiff on the issue of liability."

The court also gave the following instruction:

"I have now given you the law and defined the various terms used in these instructions as to liability. You are to make the following determinations:

"1. You will determine whether any of the defendants were negligent and whether such negligence was a proximate cause of the injury.

"If you find that a defendant was not negligent or that that defendant's negligence was not a proximate cause of the injury, then you must return a verdict for that defendant.

"If you find that a defendant was negligent and that such negligence was a proximate cause of plaintiff's injury, then you *must* find for the plaintiff on the issue of liability." (emphasis added)

These instructions are sufficiently broad to enable the jury to fully understand the law of the case. Jury instruction must be considered as a whole, the test being whether upon the whole charge the jury will gather the proper rules to be applied in arriving at a correct decision. Arizona Public Service Company v. Brittain, *supra*. In applying this test we find that the jury was sufficiently instructed.

Plaintiff's next contention concerns the court's failure to give his requested lookout instruction. Defendant Peters, plaintiff's host driver, testified that he did not see the flashing light of the police vehicle, which light was visible for one-quarter to one-half a mile. The following instruction was requested:

"General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it. When there is evidence to the

effect that one did look, but did not see that which was in plain sight, it follows that either there is an irreconcilable conflict in such evidence or the person was negligently inattentive."

Plaintiff asserts that if Peters had looked ahead he would have seen the flashing light, but there was no evidence that if the defendant Peters had seen the lights, the accident would have been avoided.

■ While instructions which go to the gist of the action, and are supported by the evidence, must be given, Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240 (1946), it is not necessary for the trial judge to instruct on every refinement suggested by counsel. Instructions are not given to aid one side or the other in jury argument. Once the court defines in understandable language the legal principles applicable to a controversy, it is the obligation of counsel, in argument, to discuss the evidence and the applicability of the legal principles to the ultimate facts found by the jury.

■ The requested instruction, even if supported by the evidence, is that type of instruction which should not be given. Matters of so-called common experience are more appropriately jury argument—not jury instructions.

■ The plaintiff finally urges that the trial court erred in failing to grant his motion for a mistrial. In cross-examination counsel for defendants Dunn and Chittum asked the plaintiff if he was familiar with automobiles and vehicles in general and speeds. The following then took place:

"A    I don't know as much about them. I drive but I don't know.

"Q    Aren't you a motorcycle driver?

"A    Sure, I drive motorcycles.

"Q    Aren't you and Mr. Peters now old motorcycle bum buddies?"

Plaintiff's counsel and counsel for defendant Peters objected. The court sustained the objection. Dunn's and Chittum's attorney then said: "When I say motorcycle bum, I don't mean it derogatory. . . ." Later, the counsel who made the remark personally apologized to the plaintiff in the presence of the jury.

Plaintiff also contends that the reading of plaintiff's deposition to the jury, after plaintiff testified, was improper because it was an attempt to create an impression that plaintiff's answers were different from the deposition when, as counsel contends, the answers were consistent.

■ We find no error in opposing counsel reading from plaintiff's deposition. The deposition of a party may be used for any purpose. Rule 32(a)(2), Rules of Civil Procedure. The weight and effect of the testimony was for the jury.

■ Concerning the remarks of counsel, the trial court is invested with great discretion in the conduct and control of the trial. Higgins v. Arizona Savings & Loan Association, 90 Ariz. 55, 365 P.2d 476 (1961). Whether to grant a mistrial is discretionary with the trial court. In Lane v. Mathews, 74 Ariz. 201, 245 P.2d 1025 (1952), reversed on other grounds in 75 Ariz. 1, 251 P.2d 303 (1953), we held that if the trial court did not feel a particular remark was of such a nature as to unduly prejudice the jury, such ruling would not be disturbed without a clear showing of prejudicial error. We cannot say from the record that the action taken by the trial court in failing to grant a mistrial was an abuse of discretion.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.