**Ronald SEBOLD, Plaintiff—Appellant,**

v.

**SENTRY LIFE INSURANCE COM-PANY, a foreign corporation, Defendant—Appellee.**

No. 02–15962.

D.C. No. CV–96–00364–FRZ.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2003.*

Decided June 3, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING, Senior District Judge.**

### MEMORANDUM ***

Dr. Ronald Sebold ("Sebold"), appealing an adverse summary judgment grant, claims entitlement to disability coverage pursuant to an insurance policy purchased from appellee Sentry Life Insurance Co. ("Sentry"). However, the policy contains an express exclusion providing that "no claim for benefits shall be payable for any loss arising from, contributed to, or caused by psoriasis . . . or psoriatic arthritis, including treatment for or complications thereof." Despite Sebold's arguments to the contrary, the record shows that there can be no genuine factual dispute that his loss arose from or was "contributed to or caused by" his longstanding psoriasis. The plain language of the exclusion bars coverage for a loss that arises from or is contributed to or caused by Sebold's psoriasis. *See Watkins v. Underwriters at Lloyds,* 107 Ariz. 56, 481 P.2d 849, 855 (1971) (excluding coverage because insured's heart attack suffered when chasing cattle was "caused or contributed to by" his underlying heart condition).

Even if, as Sebold argues, Arizona law required the excluded condition to be a proximate cause of the injury for which coverage is requested, psoriasis was a proximate cause of Sebold's disability, as there is no evidence by which a reasonable jury could conclude that the stress caused by the breakup of his medical practice and his daughter's accident was an "intervening event" sufficient to break the "natural and continuous sequence" of the progression of his disease. *See Porterie v. Peters,* 111 Ariz. 452, 532 P.2d 514, 518 (1975). Sebold's psychiatrist stated that "SRPRs always act on a medical condition and are inextricably tied to them," and that "[t]here is a noted association in the medical literature between the course of psoriasis and stress." Thus, stress was not an intervening event, but a concurrent event, and was, at best, a second proximate cause contributing to Sebold's disability. *See id.* ("There may be more than one proximate cause of injury."). Given the record, there is "no genuine issue" as to whether Sebold's loss is covered by the policy, and summary judgment was appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

AFFIRMED.

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.