JOHN VALLENCY, BY NICHOLAS VALLENCY, NEXT FRIEND, AND NICHOLAS VALLENCY, APPELLANTS, v. ROCCO RIGILLO, RESPONDENT.

Argued June 19, 1917—Decided November 19, 1917.

1. The defendant negligently left dangerous dynamite cartridges in his home within easy reach of his infant child of tender years who took them away from the house and in play with other little boys pounded them with stones so that one of them exploded and put out the plaintiff's eye. *Held*, that it was for the jury to decide whether the negligence was the proximate cause of the injury, and that a nonsuit was error. Citing *Davenport* v. *McClellan*, 88 *N. J. L.* 653.

2. Under such circumstances there may be a recovery in case, but only in case the jury shall find, (1) that defendant's act was negligent; (2) that what the child did was what a prudent man knowing what defendant knew, would reasonably expect it might do as a result of such negligence, and (3) that the child was of such tender years or imperfect understanding that it did not have the capacity to estimate or appreciate the dangerous nature of its act.

On appeal from the Essex County Circuit Court.

For the appellants, *William Hauser.*

For the respondent, *Michael A. Castellano* (*Thomas S. Henry,* of counsel).

The opinion of the court was delivered by

WHITE, J.  This case was tried in the Circuit Court of Essex county before the decision of this court in *Davenport* v. *McClellan,* 88 *N. J. L.* 653, wherein a nonsuit similar to the one here entered, was reversed.

We think that case is decisive of this one.  There a child of tender years (five years old), playing in the street, threw some dry leaves upon a smouldering fire which defendant had there kindled and left unguarded, and the resulting blaze ignited its clothing and it was injured.  Here the child of tender years playing in its home came across some dangerous dynamite cartridges, which defendant, its father, had negligently left where (as a jury might have found) it was to be reasonably expected the child would get them, and took them outside the house, and in play with other children pounded one of the cartridges with a stone so that it exploded and put out the eye of one of the other children, who, with its father, brings this suit, the one for the loss of its eye, the other for expenses and loss of services.

In these cases the proximate cause of the injury, as in the Squib case (*Scott* v. *Sheppard,* 2 *Bl.* 892; *Sm. Lead. Cas.* 797), was not the last motion or action preceding the injury, because such motion or action (being involuntary in the Squib case, and not willful or responsible because done by a child too young to understand the nature of what it was doing in these cases) was not an intervening cause; but the proximate cause was the original negligent act which, without any new willful independent act, operated through the involuntary or irresponsible, but reasonably to be expected, act to produce the injury.

In this case, therefore, it was for a jury to say (1) was it negligent under the circumstances for the defendant to leave the cartridges where he did; (2) if so, was what the child did what a prudent man, knowing what defendant knew, would reasonably expect it might do as a result of such negligence, and (3) was the child of such tender years or imperfect understanding that it did not have the capacity to estimate or appreciate the dangerous nature of its act. If the jury found the answers to all three of these questions in the affirmative, we think there was ground for recovery, but if any one of them were found in the negative that there could be no recovery.

We have had some difficulty because of the fact that plaintiff's opening (upon which the nonsuit was granted) did not expressly state the age of the infant child who exploded the cartridge, but left it in the rather vague state indicated by the expression "infant son of defendant." The whole colloquy between the court and counsel, and the briefs in this court, indicate quite clearly, as it seems to us, however, that it was well understood by all parties (probably as a result of the boy being present in court or for some other reason) that the child was not merely an "infant" in a legal sense, but was in fact a child of such tender years that there was a presumption against capacity for willfulness in the performance of his act, or else of such an age that the question of his capacity was for the jury in the light of the facts.

The judgment of nonsuit is therefore reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, JJ. 12.