460 P.2d 19

**Charles SEIFERT and Mary Seifert, husband and wife, Appellants,**

**v.**

**Robert S. OWEN and Joanne Owen, husband and wife, Appellees.**

**No. 1 CA–CIV 920.**

Court of Appeals of Arizona,
Division 1.

Department B.

Oct. 29, 1969.

Rawlins, Ellis, Burrus & Kiewit, by Norman D. Hall, Jr., Phoenix, for appellants.

McKesson, Renaud, Cook, Miller & Cordova, by Robert H. Renaud and John H. Seidel, Phoenix, for appellees.

JACOBSON, Judge.

The liability of parents for the acts of their children arising out of their ambulatory and inquisitive natures is called into question on this appeal from a judgment of the Superior Court of Maricopa County.

Appellees-defendants, Mr. and Mrs. Owen, obtained the use of a cabin located approximately seven miles from Kingman, Arizona, owned by appellants-plaintiffs, Mr. and Mrs. Seifert. The defendants and their 23-month old child arrived at the cabin on January 1, 1966, after dark in freezing weather. Mr. Owen, being familiar with the cabin, located a kerosene lantern which he took inside and lit, his family following. Mr. Owen then left the cabin to start a generator which supplied electricity to the cabin. The lighted kerosene lantern had been placed in the living room upon a

table surrounded by chairs. While Mr. Owen was outside, Mrs. Owen retired to the bathroom and approximately one minute later she heard a loud noise. She immediately returned to the living room to find her child on the table, the lamp on the floor, and flames spreading. All efforts to extinguish the flames proved futile and the cabin burned to the ground. The foregoing facts are undisputed.

Judge McFate, sitting without a jury entered a judgment in favor of the defendants upon findings of fact and conclusions of law.

Appellee's counsel aptly and succinctly states the question on appeal as: "Are parents negligent if they leave unattended and alone a child approximately two years of age in a room with easy access to a burning lantern?"

Both counsel agree the parents' liability in this case, if any,[1] is founded upon the principles enunciated in Restatement (Second) of Torts Sec. 316, Duty of Parent to Control Conduct of Child:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

The illustration and comments in Sec. 316 coupled with a reading of the Reporter's Notes and the cases and articles cited in the Appendix of the Restatement clearly indicate that Sec. 316 is dealing with three distinct fact situations:

(1) Where the parent permits the child to have access to an instrument which, because of its nature, use and purposes is so dangerous as to constitute, in the hands of a child, an unreasonable risk to others (Firearms, dynamite, etc. See, e. g., Vallency v. Rigillo, 91 N.J.L. 307, 102 A. 348 (1917).);

(2) where the parent permits the child to have access to an instrumentality which, though not "inherently dangerous," is likely to be put to a dangerous use by a *known* propensity of the child (Matches, baseball bat, bicycle ridden on a busy sidewalk, etc. See, e. g., Bateman v. Crim, 34 A.2d 257, (D.C.Mun.App.1943).); and

(3) where the parent fails to restrain the child from vicious conduct imperiling others and the parent *knows* of the child's propensity toward such conduct (Beating up little children, etc. See, e. g., Condel v. Savo, 350 Pa. 350, 39 A.2d 51 [155 A.L.R. 81] (1944).).

See also F. Harper and F. James, Law of Torts Sec. 8.13 (1956).

As Sec. 316 of the Restatement correctly states, fact situations arising under (2) and (3) above require knowledge on the part of the parent of the propensity of the child for harmful or potentially harmful conduct. In our opinion a lighted lantern is not inherently dangerous and although at first glance it might appear that this conduct would fall within category (2) above, we do not believe that the propensity of a child to be attracted to bright objects or to climb upon chairs and tables is within the concept of habitual conduct tending to be harmful to others contemplated by Sec. 316 of the Restatement (Second) of Torts, supra.

Moreover, a review of the cases, as indicated above, would appear to limit Sec. 316 liability of a parent for the acts of his child, except in the case of dangerous instrumentalities, to those instances where

---

1. The Court realizes that under A.R.S. Sec. 12–661 (1956) parental liability may be imposed, irrespective of the parents' negligence, for the malicious and willful misconduct of their children, but statutory liability is not argued in this case.

there is no actual, active participation by the parent in the alleged negligent act.

The type of conduct complained of here—an adult placing a burning kerosene lantern on a table and leaving a young child alone in the room with access to it—in our opinion, is akin to the type of conduct contemplated by Sec. 302A of the Restatement (Second) of Torts (1965).[2] As is pointed out in Comment (d) of Section 302A, " * * * if the actor knows or should realize that there is a serious chance of grave harm to valuable interests of others, and the utility of his own conduct is less than the risk, he is required to take precautions against the negligence of others which a reasonable man would take under like circumstances." The natural propensity of a child to be attracted to light and to climb on objects might, under certain circumstances, constitute the type of negligence of others against which precautions should be taken. Arizona has recognized that the foreseeable likelihood of a third person acting in a particular manner can be one of the hazards which makes the actor negligent. Massengill v. Yuma County, 9 Ariz.App. 281, 451 P.2d 639, 645 (1969), reversed on other grounds, 104 Ariz. 518, 456 P.2d 376 (1969); see Nichols v. City of Phoenix, 68 Ariz. 124, 138, 202 P.2d 201 (1949).

As Restatement (Second) of Torts Sec. 302A indicates, the quality of Mrs. Owen's conduct and the duty arising therefrom turn on familiar questions of foreseeability and the reasonable man standard. Mills v. Charles Roberts Air Conditioning Appliances, 93 Ariz. 176, 379 P.2d 455 (1963). The answer to these questions is within the prerogative of the trier of facts. Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803 (1959). Plaintiff urges, incorrectly, that since the facts are undisputed the question of negligence becomes a matter of law and therefore the Court of Appeals is not bound by the trial court's finding of no negligence. Figueroa v. Majors, supra, states the correct rule:

"It is * * * fundamental that a verdict will not be directed where * * * on undisputed facts reasonable and fairminded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, and thus the question of negligence * * is one of fact to be submitted to the jury and not a question of law for the court; if, upon all the facts and circumstances, there is a reasonable chance or likelihood of the conclusions of reasonable men differing then the question is one for the jury." 85 Ariz., at 346, 338 P.2d, at 804.

In our opinion, the key element in this case is the time involved in leaving the child unattended in the potentially dangerous situation. Counsel for plaintiffs admits that leaving the room and the child for a brief instant would not be negligent and we recognize that leaving a child in these circumstances for several hours might conceivably be negligence as a matter of law. Leaving the child unattended for approximately one minute while heeding a call of nature falls in the gray area between the two extremes. In our opinion, the duration of time involved in this case is such that reasonable men might differ as to whether or not Mrs. Owen's conduct was negligent. The judge, sitting as the trier of fact, found that under the circumstances the actions of the defendants were not negligent. We cannot substitute our judgment for his. Sheeley v. Sheeley, 10 Ariz.App. 318, 458 P.2d 522 (1969).

Judgment affirmed.

EUBANK, P. J., and HAIRE, J., concur.

2. "An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person." Cf. Restatement (Second) of Torts Sec. 302(b), 303, 447, and 448 (1965).