721 P.2d 1175

**TOWN OF ORO VALLEY, Petitioner,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF PIMA; Honorable Norman S. Fenton, a Judge thereof, Respondents,**

and

**Walter E. MELTON, Real Party in Interest.**

**No. 2 CA–SA 0368.**

Court of Appeals of Arizona, Division 2, Department A.

May 29, 1986.

Kimble, Gothreau, Nelson & Cannon, P.C. by Gus Aragon, Jr., Tucson, for petitioner.

Leiber & Pollard by Michael P. Pollard, Tucson, for real party in interest.

OPINION

HOWARD, Presiding Judge.

Petitioner's special action challenges the trial court's denial of its motion for summary judgment. Since the denial of a motion for summary judgment is a non-appealable order and because the trial court failed to perform a duty required by law as to which he had no discretion, we assume jurisdiction and grant relief.

On March 17, 1984, Walter E. Melton, the real party in interest, was driving northbound on U.S. Highway 89 in Oro Valley. At the intersection of U.S. 89 and El Conquistador Way, his vehicle collided with a car driven by Kathleen Trighis who was attempting to, or waiting to, make a left turn at the intersection from El Conquistador Way south onto U.S. 89. Trighis filed suit against Melton for personal injuries. Melton filed a third-party complaint against petitioner and then sought leave to amend his complaint to add the Arizona Department of Transportation (ADOT) and Sheraton Corporation Inc. as third-party defendants. On December 3, 1985, petitioner filed a motion for summary judgment which the respondent court denied by minute entry order dated February 11, 1986.

To recover in his negligence action against petitioner, the real party in interest must be able to show that it owed him a duty, that petitioner failed to perform the duty and that such failure proximately caused his injury. *Arizona Public Service Company v. Brittain*, 107 Ariz. 278, 486 P.2d 176 (1971). Whether such a duty exists is a question of law for the court, *Griffith v. Valley of Sun Recovery and Adjustment Bureau, Inc.*, 126 Ariz. 227, 613 P.2d 1283 (App.1980), and may be determined on a motion for summary judgment. Here, our review of the record establishes that petitioner had no jurisdiction over the stop sign in question and thus owed no duty to the real party in interest.

Mr. James Kreigh, engineer for the Town of Oro Valley, stated by affidavit and by deposition that at no time did petitioner take part in the design, construction, main-

tenance or placement of any traffic control devices in question. He also testified that the stop sign in question was placed within U.S. 89's right-of-way and thus was under the exclusive jurisdiction of ADOT. Mr. Richard Buchanan, traffic technician for ADOT, testified that it was normal procedure for a work order from his department to direct work being done within his department's right-of-way and such a work order existed for the intersection in question. Mr. Buchanan confirmed that the sign was installed within ADOT's right-of-way and by ADOT personnel. Additionally, Melton himself admitted that ADOT had direction, provision and control of the intersection and was charged with the duty to locate, design, construct and maintain state highway routes within that area.

Melton argues that since El Conquistador Way was dedicated to petitioner, a duty owed by petitioner to the public was created. Melton has presented no authority for the proposition that the mere dedication to petitioner gave rise to a public duty regarding the intersection. At trial, he intend to call Mr. David Beaufort, an expert in highway design and safety, who apparently will testify that the dedication of a street to a town creates a responsibility to the public for maintenance and control of the street. However, such a conclusory statement from Beaufort, who is not an expert in the legal interpretation of the dedication of roadways, does not create a dispute as to a material fact such as to prevent summary judgment. The case law in Arizona holds contrary to Beaufort's opinion. See *State ex rel. Herman v. Cardon*, 112 Ariz. 548, 544 P.2d 657 (1976); *City of Scottsdale v. Mocho*, 8 Ariz.App. 146, 444 P.2d 437 (1968).

Petitioner did not assume any responsibility for the location or maintenance of the intersection in question. Since the intersection was outside petitioner's jurisdiction, petitioner owed no duty to the third-party plaintiff Melton or to any other person and Melton's negligence claim against the town has no basis. The trial court's order denying petitioner's motion

for summary judgment is vacated and the court is ordered to enter an order granting petitioner's motion.

Relief granted.

HATHAWAY, C.J., and FERNANDEZ, J., concur.